ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FS, NOT INDIVIDUALLY BUT SOLLELY AS TRUSTEE FOR FINANCE OF AMERICA STRUCTURES SECURITIES ACQUISITIONS TRUST 2018-HB1<br><br>Peticionarios<br><br>V.<br><br>LA SUCESIÓN DE JORGE LUIS ORTIZ JIMÉNEZ T/C/C JORGE LUIS ORTIZ T/C/C JORGE ORTIZ JIMÉNEZ T/C/C JORGE L. ORTIZ T/C/C JORGE L. ORTIZ JIMÉNEZ compuesta por EYBEL ORTIZ RUIZ Y FULANA DE TAL COMO POSIBLES HEREDEROS DESCONOCIDOS; CENTRO DE RECAUDACIÓN DE INGRESOS MUNICIPALES (CRIM); ESTADOS UNIDOS DE AMÉRICA<br><br>Recurridos | KLCE202300463 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2019CV01214<br><br>Sobre: Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2023.

Comparece Wilmington Savings Fund Society, FSB, not individually but solely as trusteee for Finance of America Structures Securities Acquisition Trust 2018-HB1 (en delante "Wilmington Savings" o peticionario), quien solicita que revoquemos una Resolución que emitió el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 9 de marzo de 2023.

Número Identificador

RES2023 _____

Mediante referido dictamen el foro primario denegó una solicitud de reconsideración mediante la cual se solicitaba dejar sin efecto la nulidad de una subasta.

Luego de examinar el presente recurso, determinamos que procede su desestimación por falta de jurisdicción, debido a que su presentación ante este foro revisor resultó tardía.

## I.

El 10 de julio de 2021 el foro primario dictó una Sentencia en Rebeldía contra la Sucesión de Jorge Luis Ortiz Jiménez t/c/c Jorge Luis Ortiz.  Expuso que el señor Jorge Luis Ortiz Jiménez falleció y la propiedad ubicada en la urbanización Sierra Bayamón, Solar 18 de la Manzana 79, no es la residencia principal de, al menos, un deudor sobreviviente.  Tras ello, determinó que se le adeudaba al demandante la suma de $86,690.23 de principal e intereses, mas gastos y honorarios de abogado.  Decretó que de no hacer efectivo el pago, se ordenaría la venta en pública subasta de la propiedad hipotecada para aplicar el importe de la venta al saldo de la deuda.

El 21 de junio de 2022 el Tribunal emitió una *Orden Sobre Ejecución de Sentencia y Venta de Bienes.*  Consecuentemente, el 7 de septiembre de 2022 el Alguacil expidió el Edicto de Subasta en el cual anunció las fechas de las subastas a celebrarse el 17, 24 y 31 de octubre de 2022.  El edicto de subasta fue publicado los días 14 y 23 de septiembre de 2022 en el periódico El Nuevo Día.

La venta judicial finalmente se efectuó el 31 de octubre de 2022. Tras otros trámites, el 21 de noviembre de 2022 el peticionario presentó una Moción en Solicitud de Confirmación de Venta Judicial.  Mediante referida moción solicitó que el foro emitiera una orden de la confirmación de la Venta Judicial y

pusiera al peticionario en posesión de la propiedad autorizando el lanzamiento de sus ocupantes y sus bienes con cualquier pronunciamiento que procediera en derecho.

Ese mismo día 21, notificada el 22 de noviembre de 2022 el foro primario decretó lo siguiente:

> Sin lugar, habiéndose celebrado subasta mientras está en efecto moratoria otorgada por HUD por razón del paso del Huracán Fiona. Queda anulada subasta celebrada en autos.

El 20 de diciembre de 2022, el peticionario presentó moción *Urgente Solicitando Reconsideración de Orden*. Allí indicó que la moratoria no aplicaba al presente caso pues no era residida por los deudores, debido a que estos habían fallecido.

Tras no recibir respuesta del foro primario, el 3 de marzo de 2023, Wilmington Savings Fund presentó una *Moción Reiterando Solicitud de Reconsideración de Orden.*

En cuanto a la primera solicitud de reconsideración intitulada, *Urgente Solicitando Reconsideración de Orden*, el 9 de marzo de 2023 el foro primario declaró como sigue: "Sin Lugar. Naturaleza ultra vires del acto celebrado no puede dejarse sin efecto por vía de la reconsideración en esta instancia."[1]

El 23 de marzo de 2023 Wilmington Savings solicitó *Reconsideración de orden*, la que fue denegada el 24 de marzo de 2023, notificada el día 27 de marzo del corriente.

En desacuerdo, el peticionario acude ante nos arguyendo que incidió el TPI al:

> Considerar que el acto de subasta fue uno ultra vires que amerita la nulidad de la subasta por haberse celebrado durante una moratoria que no era de aplicabilidad al presente pleito.

---

[1] Apéndice págs. 32-33.

Examinado el *Recurso de Certiorari* le concedimos término a la parte recurrida para presentar su posición en torno al recurso, mas no lo hizo. Disponemos.

**II.**

**A.**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias con efecto vinculante para las partes. MCS Advantage, Inc. v. Fossas Blanco, et al., 211 DPR __ (2023), 2023 TSPR 8; Adm. Terrenos v. Ponce Bayland, 207 DPR 586, 600 (2021); Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 385-386 (2020); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020). Al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, el foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Allied Mgmt. Group v. Oriental Bank, supra; véase, además, MCS Advantage, Inc. v. Fossas Blanco, *supra*.

Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía a cualesquier otros. Allied Mgmt. Group v. Oriental Bank, *supra*. Así pues, cuando un tribunal determina que carece de jurisdicción sobre la materia para atender determinado asunto, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. MCS Advantage, Inc. v. Fossas Blanco, *supra*; Allied Mgmt. Group v. Oriental Bank, *supra*, pág. 386.

**B.**

La Regla 32 (D) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, establece que "el recurso de *certiorari* para revisar cualquier otra resolución u orden […] se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida.  Este término es de cumplimiento estricto."

A su vez, la Regla 52.2(b) de procedimiento Civil, 32 LPRA Ap. V, dispone que, los recursos de *certiorari* ante el Tribunal de Apelaciones para revisar resoluciones u órdenes interlocutorias, deberán presentarse dentro del término de treinta (30) días desde la fecha de notificación de la resolución u orden. *AFI v. Carrión Marrero y otros*, 209 DPR 1, 5 (2022).  De igual forma, la Regla 52.2 establece múltiples instancias en las que el aludido término puede ser interrumpido.  En lo pertinente, la Regla 52.2(g) dispone lo siguiente:

> *(g) Interrupción del término para presentar una solicitud de certiorari ante el Tribunal de Apelaciones*. El transcurso del término para presentar ante el Tribunal de Apelaciones una solicitud de *certiorari* se interrumpirá y comenzará a contarse de nuevo en conformidad con lo dispuesto en la Regla 47.

La Regla 47 de Procedimiento Civil, 32 LPRA, Ap. V, R. 47, dispone como sigue:

La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.
[…]

**Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes**. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
[…] (*Énfasis suplido*).

La Regla 47 es una herramienta que permite que el foro adjudicativo enmiende o corrija los errores incurridos al dictar una sentencia, resolución u orden. Simons y otros v. Leaf Pretroleum Corp., 209 DPR 216 (2022). La presentación de la moción de reconsideración repercute en la interrupción automática del término para invocar el socorro de un foro revisor. A tenor con la norma procesal, la parte promovente de la solicitud de reconsideración tendrá el término de quince días contado desde la fecha en que el tribunal archive en autos copia de la notificación de la sentencia, resolución u orden. Cuando el dictamen es una sentencia, el término es jurisdiccional y si son resoluciones u órdenes, el plazo es de cumplimiento estricto. Simons y otros v. Leaf Pretroleum Corp., 209 DPR 216 (2022); Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 731 (2016); Morales y otros v. The Sheraton Corp., 191 DPR 1, 7 (2014).

Como es conocido, para saber si la moción interrumpió el término para ir en alzada, el tribunal tiene que examinar si el promovente cumplió con los requisitos de la norma procesal. Es decir, una vez que el foro adjudicativo evalúe que la **presentación** y la notificación fue oportuna, resta que examine

la particularidad y especificidad de los hechos y el derecho que el promovente entiende que el tribunal debe reconsiderar. Simons y otros v. Leaf Petroleum Corp., *supra.* Así pues, el efecto de interrupción automática de la moción de reconsideración siempre está sujeto a los requerimientos de la Regla 47. Simons y otros v. Leaf Petroleum Corp., *supra*; que cita a Morales y otros v. The Sheraton Corp., 191 DPR 1, 8 (2014).

Presentada la normativa jurídica que enmarca la controversia que atendemos, disponemos.

### III.

De los hechos que informa esta causa surge que el 10 de julio de 2021 el foro primario dictó una Sentencia en Rebeldía sobre ejecución de hipoteca contra la Sucesión de Jorge Luis Ortiz Jiménez t/c/c Jorge Luis Ortiz.

El 21 de junio de 2022 el Tribunal emitió una *Orden Sobre Ejecución de Sentencia y Venta de Bienes.* La venta judicial se efectuó el 31 de octubre de 2022. Así las cosas, el 21 de noviembre de 2022 el peticionario presentó una Moción en Solicitud de Confirmación de Venta Judicial.

El 21 de noviembre, notificada el **22 de noviembre de 2022** foro primario denegó esta solicitud. Explicó que, "habiéndose celebrado subasta mientras está en efecto moratoria otorgada por HUD por razón del paso del Huracán Fiona. Queda anulada subasta celebrada en autos."

Por estar insatisfecho con la determinación del tribunal, el **20 de diciembre de 2022,** Wilmington Savings solicitó reconsideración. Para ese trámite la Regla 47 de Procedimiento Civil, *supra*, provee un término de cumplimiento estricto de quince (15) días, contados desde la fecha de la

notificación de la orden o resolución. Como la orden fue notificada el 22 de noviembre, el término para solicitar reconsideración vencía el 7 de diciembre de 2022.

En consideración al hecho de que el término de quince (15) días es de cumplimiento estricto, era indispensable que se acreditara justa causa para la dilación, lo cual no ocurrió en este caso. Esto es, el peticionario solicitó la reconsideración, transcurrido en exceso el término disponible para ello, sin explicar su tardanza ni justificarla. De ese modo, debemos concluir que la solicitud de reconsideración, que fue presentada ante el foro primario de forma tardía, no surtió efecto alguno, ni fue capaz de interrumpir el término para acudir ante este foro.

Meses más tarde, el 9 de marzo de 2023, aun cuando la moción de reconsideración era patentemente ineficaz, el tribunal de instancia se expresó con un, "Sin Lugar". Agregó el TPI que, "[La] naturaleza ultra vires del acto celebrado no puede dejarse sin efecto por vía de la reconsideración en esta instancia".

De esa decisión, el peticionario acude ante nosotros. No obstante, como antes dicho, a tenor al derecho aquí reseñado, estamos impedidos de atender su reclamación porque la determinación del foro primario no era viable. Ello, por cuanto el tribunal de instancia carecía de jurisdicción para atender una solicitud de reconsideración inoportuna y radicada a destiempo. Sabido es que es nuestra función ineludible examinar la jurisdicción, tanto de nuestro foro apelativo, como también la del foro de donde procede el recurso.

En nuestra encomienda notamos que, la solicitud de reconsideración ante el TPI era un petitorio sin eficacia judicial, pues el peticionario no cumplió con las disposiciones de la Regla

47 de Procedimiento Civil, *supra,* al presentarla luego de transcurrido el término de quince (15) días. Es por ello, que la determinación de denegar la solicitud de reconsideración es un acto inoficioso, que no se puede considerar como punto de partida para los trámites posteriores a esta decisión, como lo sería acudir a nuestro foro. Por las razones antes expresadas, estamos impedidos de asumir jurisdicción para intervenir.

### IV.

Por los fundamentos antes expuestos, que se hacen formar parte de esta sentencia, se DESESTIMA el recurso de epígrafe por falta de jurisdicción, debido a su presentación tardía.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones